# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERNEL MILITY,<br><br>      Plaintiff,<br><br>    v.<br><br>COUNTY OF KERN, et al.,<br><br>      Defendants. | Case No.: 1:17-cv-00446 - DAD - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO SERVE DEFENDANT CHRIS RODRIGUEZ, AND TO CONDUCT EARLY DISCOVERY<br><br>(Doc. 20) |

Kernel Mility was employed as a maintenance worker by the County of Kern from August 2015 to August 2016. Plaintiff asserts he suffered discriminatory acts by individuals who were employed as his co-workers, including Chis Rodriguez. (*See generally*, Doc. 1) Plaintiff seeks an extension of time to serve Mr. Rodriguez with the complaint, and to conduct early discovery to obtain identifying information concerning Mr. Rodriguez from the County. (Doc. 20) No parties have opposed the motion. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## I.    Extension of Time for Service

Rule 4 of the Federal Rules of Civil Procedure governs the deadlines for service of a complaint upon a defendant, and provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. R. 4(m). Thus, Rule 4 "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service ..., and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is not good cause shown." Fed. R. Civ. P. 4, Advisory Committee's Note; *see also Henderson v. U.S.,* 517 U.S. 654, 662 (1996) ("courts have been accorded discretion" to enlarge the service period, "even if there is no good cause shown").

, Plaintiff initiated this action by filing a complaint on March 28, 2017. (Doc. 1) Pursuant to Rule 4, service was to be completed within ninety days, or no later than June 26, 2017. On June 23, 2017, Plaintiff filed the motion now before the Court, requesting "ninety (90) additional days to serve defendant Chris Rodriguez with the summons and complaint." (Doc. 20 at 1) Plaintiff reports that his attempts to locate Mr. Rodriguez have been unavailing and, as discussed below, believes early discovery is necessary to obtain "the last known address and other identifying information" from the County. (Doc. 20-1 at 1-2)

Given the timely request for additional time, as well as Plaintiff's reported attempts to locate Mr. Rodriguez, the Court finds the good cause requirement of Rule 4 is satisfied.

**II.      Early Discovery**

In general, discovery is not permitted without a Court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). *See* Fed. R. Civ. P. 26(d)(1). However, "courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing, e.g., *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

A request for early discovery may be granted when the moving party shows good cause for the discovery. *Semitool, Inc. v. Tokyo Elec. Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002). First, the plaintiff should "identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Columbia Ins. Co.,* 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express*, 556 F.2d 406, 430 n.24 (1971) [stating that plaintiffs bear the burden of establishing jurisdictional facts]). In addition, the

plaintiff must describe "previous steps taken to locate the elusive defendant." *Columbia Ins. Co.,* 185 F.R.D. at 579.

Plaintiff has alleged sufficient facts for the Court to determine that Chris Rodriguez is an individual who was previously Plaintiff's co-worker with the County, and is "a real person … who could be sued in federal court." In addition, Plaintiff's counsel, Randy Rumph, reports that he informally asked "Mr. James Brannen, the attorney for the County of Kern, if he could obtain Mr. Rodriguez's last known address." (Doc. 20-1 at 1) Plaintiff asserts that "Mr. Brannen had indicated he would get back with Mr. Rumph, and Mr. Rumph has heard nothing back from Mr. Brannen." (*Id.*) Accordingly, Plaintiff has taken steps to locate Mr. Rodriguez without engaging in formal discovery, but was unsuccessful in his attempts.

Given the limited nature of the discovery needed to serve Mr. Rodriguez, the Court finds Plaintiff has demonstrated good cause to engage in early discovery to receive identifying information from the County. *See Columbia Ins. Co.*, 185 F.R.D. at 577.

**III.     Conclusion and Order**

Based upon the foregoing, and good cause appearing, the Court **ORDERS**:

1. Plaintiff's request for an additional ninety days to serve defendant Chris Rodriguez is **GRANTED**; and
2. Plaintiff's request for leave to engage in early discovery for the limited purpose of obtaining the last known address and identifying information of Chris Rodriguez from the County is **GRANTED**.

IT IS SO ORDERED.

Dated:     **July 31, 2017**          /s/ Jennifer L. Thurston
                                                    UNITED STATES MAGISTRATE JUDGE