UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERNEL MILITY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF KERN, et al.,<br><br>Defendants. | No. 1:17-cv-00446-DAD-JLT<br><br><u>ORDER DENYING DEFENDANT<br>TAYLOR'S MOTION TO DISMISS</u><br><br>(Doc. No. 17) |

This matter is before the court on defendant, Phil Taylor's motion to dismiss. (Doc. No. 17.) A hearing on the motion was held on July 25, 2017. Attorney Randall Martin Rumph appeared on behalf of plaintiff. Attorney Michael Charles Kellar appeared on behalf of defendant Taylor and Deputy County Counsel Andrew Thomson appeared telephonically on behalf of the remaining defendants. Having considered the parties briefing and heard oral argument and for the reasons set forth below, the court will deny defendant's motion to dismiss.

**BACKGROUND**

Plaintiff, Kernel Mility, is African American and was employed as a maintenance worker by defendant County of Kern from August 2015 to August 2016. (Doc. No. 1 at ¶ 3.) Plaintiff was a "nine-month" employee: he worked for nine months and was given time off for two months before beginning a new nine-month shift. (*Id.* at ¶ 8.) Defendants Phil Taylor ("Taylor"),

1

Chris Rodriguez ("Rodriguez"), Richard Carillo ("Carillo), and Dave Langella ("Langella"), were at all times employed by the County of Kern as maintenance workers and were operating under color of state law. (*Id.* at ¶ 4, 5, 6.) Defendant Taylor was plaintiff's direct supervisor. (*Id.* at ¶ 6.) While serving as a maintenance worker for the county, plaintiff alleges that he was subject to harassment on the basis of his race. Specifically, plaintiff alleges the following in his complaint.

On December 21, 2015, Rodriguez referred to plaintiff and stated, "Who hired this nigger? This nigger won't last." (*Id.* at ¶ 9A.) Later that day, Rodriguez again referred to plaintiff as "a nigger" in Spanish and referred to plaintiff's friend as a "nigger lover." (*Id.* at ¶ 9A.) Plaintiff alleges that he was called a "nigger" at least monthly by defendant Carillo and Langella, and at least weekly by Rodriguez. (*Id.* at ¶ 9B.) Plaintiff complained to defendant Taylor, his supervisor, about the use of these racial slurs. (*Id.* at ¶ 9C.) Taylor responded that the employees in the department use the word loosely and are not accustomed to "having a black guy work with them." (*Id.*) Taylor promised that the matter would be handled. (*Id.*) However, the harassment continued. In particular, plaintiff's work area was disrespected. For example, plaintiff's sweater was thrown on the floor. (*Id.* at ¶ 9D.) Dirty paint brushes, trash, and footprints were placed on his desk and work chair. (*Id.* at ¶¶ 9E–G.) Plaintiff registered several more complaints to defendant Taylor, but was either ridiculed at work meetings or had reason to believe his complaints to Taylor were not remaining confidential. (*Id.* at ¶¶ 9I–J.)

According to plaintiff's complaint, on May 20, 2016, Taylor told plaintiff that he would not be coming back after his two months off and that "if you mess with the bull, you are going to get the horns." (*Id.* at ¶ 9K.) Taylor also monitored plaintiff's activity at work and would not allow him to come in early before 8:00 a.m., while other non-black workers were allowed to enter county vehicles before 8:00 a.m. (*Id.* at ¶ 9L.) On June 8, 2016, plaintiff overheard defendant Langella tell defendant Carillo, "Dave gave you that nigger tomorrow. He (plaintiff) is going to feel the whip." (*Id.* at ¶ 9M.) Plaintiff again complained to defendant Taylor who responded that he "should not put dirty laundry on the front street." (*Id.*) Plaintiff further alleges that defendant Taylor too called him a "nigger" and "bottom feeder" at least monthly. (*Id.* at ¶ 9O.)

Plaintiff also alleges that his complaints to Taylor were met with more harassment or additional work assignments. For example, after his first complaint to Taylor, plaintiff alleges he was assigned to move 14 car stops weighing approximately 100 pounds. (*Id.* at ¶ 10A.) After making another complaint of harassment, plaintiff was assigned to move 1,700 books. (*Id.* at ¶ 10B.) After complaining to Taylor's direct supervisor, Dave Hardin, plaintiff alleges Taylor cancelled a meeting they had earlier scheduled. (*Id.* at ¶ 10C.) Plaintiff also alleges that his co-workers witnessed Taylor place plaintiff's written complaints into a bin to be shredded. (*Id.* at ¶ 10E.) Plaintiff also provided these written statements describing the ongoing racial harassment he was experiencing to the human resources department. (*Id.* at ¶ 11–12.) The County hired an attorney to investigate plaintiff's allegations of harassment. (*Id.* at ¶ 13.) While plaintiff was reassured that he would be returning to work after his two months off, plaintiff has yet to return. (*Id.* at ¶ 17.) His last day of work with the county was October 16, 2016. (*Id.*)

Plaintiff has exhausted his administrative remedies pursuant to Title VII and the Fair Employment and Housing Act ("FEHA"), and obtained a right to sue notice. (*Id.* at ¶ 18.) On March 28, 2017, plaintiff filed suit in federal court alleging violations of 42 U.S.C. § 1983. (Doc. No. 1.) Defendant Taylor filed the instant motion to dismiss on June 6, 2016. (Doc. No. 17.) None of the other defendants joined in that motion. Plaintiff filed his opposition on June 19, 2017. (Doc. No. 19.) Defendant filed a reply brief on July 20, 2017. (Doc. No. 24.) Below, the court will address the parties' arguments.

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
/////

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## DISCUSSION

Defendant moves to dismiss plaintiff's prayer for punitive damages in connection with his first claim for relief alleging discrimination by defendant Taylor in violation of 42 U.S.C. § 1983. (Doc. No. 17 at 1.) Defendant Taylor argues that plaintiff's complaint merely states conclusory allegations of an unlawful intent to discriminate. (Doc. No. 17-1 at 2.) Specifically, defendant contends that the affirmative acts of harassment alleged by plaintiff can only be attributed to defendants Rodriguez, Carillo, and Langella. (*Id.*) In essence, defendant Taylor contends that he had no affirmative involvement in the alleged acts of harassment. Rather, "[t]he acts attributed to Taylor pertain to his alleged failure to take adequate action in response to complaints of harassment conveyed by Mility[,]" and that as such, punitive damages are not warranted. (*Id.*) The court finds defendant Taylor's argument in this regard to be unpersuasive in light of the specific allegations of plaintiff's complaint.

4

"A jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). The Ninth Circuit has further explained that "the standard for punitive damages under § 1983 mirrors the standard for punitive damages under common law tort cases," which extends to "malicious, wanton, or oppressive acts or omissions." *Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005) (citing *Wade*, 461 U.S. at 49). "Malice or reckless indifference can be established by 'demonstrating that the relevant individuals knew of or were familiar with the anti-discrimination laws' but nonetheless ignored them." *Campbell v. EWC, Inc.*, No. 13-C-1066, 2014 WL 3895534, at *1 (E.D. Wis. Aug. 7, 2014) (quoting *Bruso v. United Airlines, Inc.*, 239 F.3d 848, 858 (7th Cir. 2001)).

The use of racial slurs or epithets is sufficient for finding maliciousness or recklessness to satisfy the standard for punitive damages. *Swinton v. Potomac Corp.*, 270 F.3d 794, 817-18 (9th Cir. 2001) (upholding jury's punitive damages award where the plaintiff was regularly subjected at work to the use of the same racial slur as is alleged here); *Eriba v. Chrysler Plastic Prod. Corp.*, 772 F.2d 1250, 1260 (6th Cir. 1985) (upholding the jury's award of punitive damages in a § 1983 suit where "[p]laintiff testified that he continuously brought the problem of racial slurs to the attention of his supervisors and that they failed to take any action to rectify the situation."); *Johnson v. Strive E. Harlem Employment Grp.*, 990 F. Supp. 2d 435, 450 (S.D.N.Y. 2014) (upholding jury's finding of reckless indifference in awarding punitive damages and noting that, defendant's "plethora of discriminatory comments supports the jury's finding of malice or reckless indifference to plaintiff's right to work free from race and gender discrimination"); *Campbell*, 2014 WL 3895534, at *1 (holding that plaintiff was entitled to punitive damages because the "use of a racial slur supports a finding of maliciousness or recklessness") (citing *Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 101 (2d Cir. 2001)).

The court finds that plaintiff's complaint has sufficiently alleged maliciousness and recklessness on the part of defendant Taylor to support plaintiff's prayer for punitive damages. In addition to failing to take action to rectify the situation despite plaintiff's numerous complaints

about ongoing racial harassment, in his complaint plaintiff specifically alleges that Taylor was also complicit in these acts. Indeed, plaintiff alleges in his complaint that defendant Taylor directed the same racial slurs toward him at least monthly, did not allow him to arrive early while other non-blacks were allowed to do so, intentionally failed to stop the ongoing harassment, and instead retaliated against plaintiff for lodging his complaints of racial harassment. (Doc. No. 19 at 6.) In short, the specific allegations of plaintiff's complaint are sufficient to support a punitive damages claim against defendant Taylor. *See, e.g.*, *Swinton v. Potomac Corp.*, 270 F.3d at 817-18; *Eriba*, 772 F.2d at 1260. Therefore, defendant Taylor's motion to dismiss must be denied.

## CONCLUSION

For the reasons set forth above, defendant Taylor's motion to dismiss plaintiff's prayer for punitive damages against him in connection with his claim of racial discrimination in violation of 42 U.S.C. § 1983 (Doc. No. 17) is denied.

IT IS SO ORDERED.

Dated: **August 1, 2017**

_____
UNITED STATES DISTRICT JUDGE