UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KERNEL MILITY,

    Plaintiff,

v.

COUNTY OF KERN, et al.,

    Defendants.

No. 1:17-cv-00446-DAD-JLT

ORDER GRANTING DEFENDANT RODRIGUEZ'S MOTION TO DISMISS WITH LEAVE TO AMEND

(Doc. No. 33)

This matter is before the court on a motion to dismiss brought on behalf of defendant Chris Rodriguez. (Doc. No. 33.) A hearing on the motion was held on December 5, 2017. Attorney Michael Kellar appeared on behalf of defendant. Attorney Randy Rumph appeared on behalf of plaintiff. Having considered the parties briefs and oral arguments, and for the reasons set forth below, the court will grant defendant Rodriguez's motion to dismiss and also grant plaintiff leave to file an amended complaint.

**BACKGROUND**

Plaintiff, Kernel Mility, is African American and was employed as a maintenance worker by defendant, the County of Kern ("Kern County"), from August 2015 to August 2016. In his

/////

/////

1

complaint, plaintiff alleges as follows.[1] Plaintiff was a "nine-month" employee: working for nine months and given time off for two months before beginning a new-nine month shift. (Doc. No. 1 at ¶ 8.) Defendants Phil Taylor ("Taylor"), Chris Rodriguez ("Rodriguez"), Richard Carillo ("Carillo"), and Dave Langella ("Langella") were at all times employed by Kern County as maintenance workers and were acting under color of state law. (*Id.* at ¶¶ 4, 5, 6.) While serving as a maintenance worker for Kern County, plaintiff claims that he was subject to harassment on the basis of his race. Specifically, with respect to defendant Rodriguez, plaintiff alleges that on December 21, 2015, Rodriguez referred to plaintiff and asked, "who hired this nigger," and stated, "this nigger won't last." (Doc. No. 1 at ¶ 9(A).) Later that day, plaintiff was told by another co-worker that Rodriguez again called plaintiff a "nigger" in Spanish and referred to one of plaintiff's friends as a "nigger lover." (*Id.*) Defendant Rodriguez also allegedly called plaintiff a "nigger" at least weekly in his presence. (*Id.* at ¶ 9(B).)

Plaintiff has exhausted all administrative remedies pursuant to Title VII and the Fair Employment and Housing Act ("FEHA"), and obtained a right to sue notice. (*Id.* at ¶ 18.) On March 28, 2017, plaintiff filed suit in this federal court alleging violations of 42 U.S.C. § 1983. Specifically, plaintiff brings a claim for racial discrimination and harassment against defendant Rodriguez as a violation of the Equal Protection Clause of the United States Constitution. On October 31, 2017, defendant Rodriguez filed a motion to dismiss plaintiff's second claim for relief. (Doc. No. 33.) On November 20, 2017, plaintiff filed an opposition. (Doc. No. 36.) Defendant Rodriguez did not file a reply.

Below the court will address the parties' arguments.

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of

---

[1] Defendant Taylor previously filed a motion to dismiss, which was denied on August 2, 2017. (Doc. No. 29.) A more detailed rendition of the facts as alleged by plaintiff can be found in that order. Here, the court will only describe the allegations pertaining only to the moving defendant, defendant Rodriguez.

2

sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**DISCUSSION**

In his complaint, plaintiff alleges that defendant Rodriguez's alleged conduct amounts to discrimination and harassment on the basis of race in violation of the Equal Protection Clause of the United States Constitution. Defendant Rodriguez moves to dismiss plaintiff's second claim for relief for racial discrimination and harassment, on the grounds that the complaint fails to state a claim for relief and because the allegations are conclusory. (Doc. No. 33 at 1–2.) Defendant Rodriguez also argues that even if the facts alleged in the complaint are accepted as true, his conduct should be construed as mere private acts and he thus cannot be said to have been

undertaken under color of law so as to violate plaintiff's equal protection rights. (Doc. No. 33-1 at 4.)

Plaintiff's second claim for relief is brought pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

That statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). Generally, "[t]o make out a cause of action under section 1983, plaintiff [ ] must plead that (1) the defendant[ ] acting under color of state law (2) deprived plaintiff [ ] of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

"The Supreme Court has interpreted the phrase 'under "color" of law' to mean 'under "pretense" of law.'" *Huffman v. Cty. of Los Angeles*, 147 F.3d 1054, 1058 (9th Cir. 1998) (quoting *Screws v. United States*, 325 U.S. 91, 111 (1945)). "The pretense is lacking if the wrongful act is 'not in any way related to the performance of the duties of the state employee.'" *Dang Vang v. Vang Xiong X. Toyed*, 944 F.2d 476, 479 (9th Cir. 1991) (quoting *Murphy v. Chicago Transit Auth.*, 638 F. Supp. 464, 467 (N.D. Ill. 1986) (citing *Johnson v. Hackett*, 284 F. Supp. 993, 937 (E.D. Pa. 1968))). Although both employment by the state and whether the alleged misconduct occurred at the workplace are relevant to this inquiry, these factors are not conclusive of the question of whether the alleged act has been taken under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 321 (1981); *see also Anthony v. Cty. of Sacramento, Sheriff's Dep't*, 845 F. Supp. 1396, 1400 (E.D. Cal. 1994); *Murphy*, 638 F. Supp. at 468; *Savin v. City & Cty. of San Francisco*, No. 16-CV-05627-JST, 2017 WL 2686546, at *4 (N.D. Cal. June 22, 2017). Rather, a plaintiff must allege and ultimately show a nexus or unique relationship between the misconduct described and the specific duties of the state employee. *See, e.g., Washington Pope v. City of Philadelphia*, 979 F. Supp. 2d 544, 561 (E.D. Pa. 2013) (discussing

4

and endorsing the court's holding in *Rouse v. City of Milwaukee*, 921 F. Supp. 583, 588–89 (E.D. Wis. 1996), wherein the court found that 'there [was] no such unique relationship between Officer Lane's duties or responsibilities and his alleged harassment of plaintiffs.'); *see also Anthony*, 845 F. Supp. at 1401; *Savin*, 2017 WL 2686546, at *4.

Instructive is the case of *Dang Vang v. Vang Xiong X. Toyed*, in which an employee of the Washington State Employment Office who was responsible for interviewing refugees and finding them employment, allegedly raped clients he came in contact with during the course of his employment. 944 F.2d at 478. On appeal, the Ninth Circuit found that because the plaintiffs came into contact with the defendant due to their need for employment, and because expert testimony at trial showed that the Hmong refugees in question revered government officials and came to rely on them for assistance, "the jury could reasonably have concluded that [the] defendant used his government position to exert influence and physical control over these plaintiffs in order to sexually assault them." *Id.* at 480. The Ninth Circuit concluded that the evidence introduced at trial was sufficient to show the defendant had "acted *in abuse of his state authority*," and that "he had acted under color of state law . . . ." *Id.* (emphasis in original).

By contrast, in *Murphy v. Chicago Transit Auth.*, as noted by the Ninth Circuit in *Dang*, the court there found that although the defendants were able to harass the plaintiff "because their jobs enabled them to have frequent encounters with her," their conduct could not be characterized as having been taken under color of state law because their acts did not relate to the "duties and powers incidental to the job of CTA staff attorney." 638 F. Supp. at 468. Read together, the decisions in *Dang* and *Murphy* establish that there is no "'general rule of section 1983 non-liability for co-employee harassment.'" *Savin*, 2017 WL 2686546, at *4 (quoting and citing *Anthony*, 845 F. Supp. at 1401).[2]

Although defendant Rodriguez is employed by Kern County and the alleged racial slurs he made were uttered at the parties' place of work, plaintiff's complaint is devoid of any factual

---

[2] As stated by the court in *Anthony*, "[a] state official may be liable for co-worker harassment under section 1983 when the abuse is related to state-conferred authority or duties . . . ." 845 F. Supp. at 1401.

5

allegations of what defendant Rodriguez's official role or capacity was while working for the County. Therefore, the court is unable to determine whether there is any nexus between the highly offensive comments allegedly made and defendant Rodriguez's official duties or responsibilities as they relate to his employment and relationship visa-a-vis plaintiff.[3]

While dismissal is therefore appropriate in this instance, the undersigned has considered whether plaintiff could amend his complaint so as to state a cognizable claim. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1446, 1472 (9th Cir. 1988); *accord Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments). The court finds that granting leave to amend here would not be futile[4] because if there is a nexus to be drawn between defendant Rodriguez's alleged conduct and his role as an employee for Kern County, plaintiff may be able to allege a cognizable claim for deprivation of his rights under the Equal Protection Clause.[5]

---

[3] Thus, the question remains whether defendant Rodriguez's conduct had any relation to his performance or duties as a Kern County employee. Without additional allegations suggesting that defendant Rodriguez was acting under color of law, the court cannot find that plaintiff has sufficiently alleged a claim for liability under § 1983.

[4] In addition, plaintiff has requested leave to amend, should the court be inclined to grant defendants' motion to dismiss, to add claims against the individual defendants under 42 U.S.C. § 1981 and the Fair Employment and Housing Act ("FEHA"). (Doc. No. 36 at 2.) In any amended complaint he elects to file, plaintiff may include these additional claims for relief.

[5] An equal protection claim may be established in two ways. First, a plaintiff must allege and show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Lee*, 250 F.3d at 686; *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) ("Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status."). Second, if the action does not involve a suspect classification, a plaintiff may establish an equal protection violation by showing that similarly situated individuals were intentionally treated differently without a rational basis for the disparate treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (equal protection claim by plaintiff-homeowner who was required to provide 33-foot easement when other Village property owners were required to provide 15—foot easement). Where the basis for a plaintiff's equal protection violation is based on his protected status, such as race, he need not present evidence that others similarly situated were treated differently. *Vill. of Arlington Heights v. Metro. House. Dev. Corp.*, 429 U.S.

Finally, the court notes that plaintiff has alleged that defendant referred to plaintiff as a "nigger" on numerous occasions both in his presence and in the presence of others at the workplace. The use of this racial slur alone is sufficient to show that defendant's conduct was motivated by a racial animus. Since plaintiff's Equal Protection claim is premised on his protected status and the racial slurs alone are evidence of discriminatory intent, plaintiff need not allege and show that others similarly situated were treated differently. *See, e.g.*, *Sundaram v. County of Santa Barbara*, 39 F. App'x 533, 536 (9th Cir. 2002) (finding that, "Dr. Sundaram set forth specific facts (his testimony that he was harassed in racial terms) from which a jury could find that the defendants' conduct at the clinic was motivated by a discriminatory purpose.")[6]; *Savage*, 2007 WL 911868, at *9 (finding that, "Savage set forth specific facts namely his testimony that he was harassed in racial terms, from which a jury could find that the defendants' conduct was motivated by a discriminatory purpose.").

## CONCLUSION

For the reasons stated above, the court will grant defendant Rodriguez's motion to dismiss (Doc. No. 33) and also grant plaintiff leave to file an amended complaint. Any amended complaint shall be filed and served within twenty days of the date of service of this order.

IT IS SO ORDERED.

Dated: **March 30, 2018**

                                                                UNITED STATES DISTRICT JUDGE

---

252, 266 n.14 (1977) (noting that, "a consistent pattern of official discrimination is [not] necessary to predicate a violation of the Equal Protection Clause. A single invidiously discriminatory governmental act . . . would not necessarily be immunized by the absence of such discrimination in the making of other comparable decisions.") (citing *City of Richmond v. United States*, 422 U.S. 358, 378 (1975); *Sundaram v. Cty. of Santa Barbara*, 39 F. App'x 533, 536 (9th Cir. 2002) (noting that the plaintiff "was not required to present general evidence that other people similarly situated to him were not abused in a similar way in order to proceed to trial on that claim."); *Savage v. City of Berkeley*, No. C 05-02378 MHP, 2007 WL 911868, at *9 (N.D. Cal. Mar. 23, 2007) (same).

[6] Citation to this unpublished decision is authorized by the Ninth Circuit Local Rules.