**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| KERNEL MILITY, | ) | Case No.: 1:17-cv-0446 - JLT |
| | ) | |
| Plaintiff, | ) | PRETRIAL ORDER |
| | ) | |
| v. | ) | Motions in Limine Filing: 3/27/2020 |
| | ) | Oppositions to Motions in Limine: 4/3/2020 |
| COUNTY OF KERN, et al. | ) | Hearing on Motions in Limine: 4/13/2020 |
| | ) | |
| Defendants. | ) | Trial Submissions: 4/24/2020 |
| | ) | Jury trial: 4/27/2020 at 8:30 a.m., 5-7 days |

Kernel Mility asserts that during his employment with the County, he suffered discrimination and harassment from several coworkers and his supervisor, including Chris Rodriguez, Phil Taylor, Richard Carillo, and Dave Langella. (*See generally* Doc. 43)

**A.    JURISDICTION/ VENUE**

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331.  The venue is proper in the United States District Court for the Eastern District of California.  See 28 U.S.C. § 1391.

**B.    UNDISPUTED FACTS**

1.    Plaintiff was employed by Defendant County as an extra-help maintenance worker from November 16, 2015, until August 22, 2016.

**C.    DISPUTED FACTS**

**Plaintiff**

1.    Whether Plaintiff's race was a motivating/determining factor in relation to the

1

harassment Plaintiff was subjected to while employed by the County.

2. Whether Plaintiff was subjected to a hostile work environment based on his race.

3. Whether Plaintiff complained about the racial harassment and to whom.

4. Whether Plaintiff suffered retaliation at the workplace.

5. Whether Plaintiff's race was a motivating/determining factor in the County's decision not to re-hire Plaintiff.

6. Whether the County not re-hiring Plaintiff was intended to be retaliation against him.

**Defendant**

1. Whether Plaintiff's race was a motivating/determining factor in relation to the harassment Plaintiff was subjected to while employed by the County.

2. Whether Plaintiff was subjected to a hostile work environment based on his race.

3. Whether Plaintiff complained about the racial harassment and to whom.

4. Whether Plaintiff suffered retaliation.

5. Whether County exercised reasonable care to prevent and correct any harassment.

6. Whether Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by County to correct the problem.

7. Whether County had a legitimate non-discriminatory reason to not re-hire Plaintiff.

8. Whether Defendant "Taylor" is a "supervisor" as that term is used under Title VII/ 42 U.S.C. section 1983.

**D. DISPUTED LEGAL ISSUES**

Except for jurisdiction and venue, all other issues are disputed.

**E. DISPUTED EVIDENTIARY ISSUES**

None identified. However, the parties indicate, contrarily, that they wish to file motions in limine. This is insufficient. L.R. 281(5).

**F. RELIEF SOUGHT**

Plaintiff seeks damages, costs and fees. The defendants seek a defense verdict, costs and attorney fees for defense of this action.

///

2

**G.   ABANDONED ISSUES**

None.

**H.   WITNESSES**

1.   The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses.  NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

**Plaintiff**

1.   Kernel Mility

2.   Phil Taylor

3.   Richard Carillo

4.   Dave Langella

5.   Chris Rodriguez

6.   David Harding

7.   David Sierra

8.   Joe Ayala

9.   Tim Castillo

10.   Barrett Gettig

11.   Jonathon Davis

12.   Guillermo Garcia

13.   A.J. Arizmendez

14.   James Neabauer

15.   Debbie Davis

16.   Krisianne Sergeant

17.   Jeff Harp

**Defendants**

1.   Kernel Mility

2. Richard Carillo

3. Phil Taylor

4. Chris Rodriguez

5. Dave Langella

6. Dave Sierra

7. James Neabaver

8. AJ Armendariz

9. Tim Castillo

10. Debbie Davis

11. Sheila Scales

12. Joe Ayala

13. Guillermo Garcia

14. Cindy Uetz

15. Dave Hardin

16. Barrett Gettig

17. David Harding

18. Devin Brown

19. Joe Rowland

1. The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:

    a. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

    b. The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

2. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party **SHALL** promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses **SHALL** be permitted to testify at trial. The witnesses will not be permitted unless:

4

a. The witness could not reasonably have been discovered prior to the discovery deadline;

b. The court and opposing parties were promptly notified upon discovery of the witness;

c. If time permitted, the party proffered the witness for deposition; and

d. If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

I. **EXHIBITS, SCHEDULES AND SUMMARIES**

The following is a list of documents or other exhibits that the parties expect to offer at trial.

NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

1. For a party to use an undisclosed exhibit for any purpose, they must meet the following criteria:

a. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

b. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph 2, below.

2. Upon the discovery of exhibits after the discovery cutoff, a party **SHALL** promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates each of the following:

a. The exhibits could not reasonably have been discovered earlier;

b. The court and the opposing parties were promptly informed of their existence;

c. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

///

5

**Plaintiff**

1. Statement to Phil Taylor from David Sierra

2. EEOC Charge of Discrimination of Kernel Mility

3. Typewritten statement dated 4/10/16

4. Witness Statement about incident the week of May 9, 2015

5. Email from Castillo to Taylor dated 12/2315

6. Witness statement dated 12/22/15 from Barrett Gettig

7. Email from Gettig to David Harding dated 6/14/16

8. Typewritten note to Debbie Davis from Kernel Mility dated 6/21/16

9. Typewritten note to Debbie Davis from Kernel Mility regarding 6/8/16 incident

10. Typewritten note dated 5/5/16 from Kernel Mility regarding "Re-occuring Incidence of Harassment"

11. Incident Report to Debbie Davis from Kernel Mility dated 6/14/16

12. Witness Statement regarding incident on 4/29/16

13. Typewritten statement of Kernel Mility regarding safety concerns.

14. Kern County Dept of Human Services Allegation of Hostile Work Environment by Kernel Mility dated 5/18/16

15. Typewritten note to Debbie Davis dated June 8, 2016 regarding Incident of Continuous Racist Remarks

16. Typewritten document dated 5/20/16 regarding Phil Taylor monitoring Plaintiff's coming to work.

17. Typewritten document dated 5/20/16 regarding speaking to Joe Ayala

18. Typewritten document dated 5/18/16 concerning greeting by Sheila Scales.

19. Typewritten document regarding unit meeting on 4/19/16

20. EEOC Response from County of Kern dated 8/16/16

21. Typewritten note about incident on 12/21/15 from Kernel Mility

22. Typewritten statement regarding unit meeting conducted on 4/10/16

23. Typewritten statement regarding unit meeting on 4/19/16

24.    Typewritten statement regarding incident on 5/10/16

25.    Handwritten note dated 8/9/16 regarding Joe Ayala

26.    Report from Kronick Moskovitz, Tiedemann & Girard dated 9/19/16 to Debbie Davis including exhibits

27.    Email from David Harding to Debbie Davis dated 8/11/16

**Defendant**

1.    DHS Interoffice Memo from Debbie Davis to Kristi T. Seargeant 16-17-16

2.    DHS Interoffice Memo from Ralph Wenzinger to Debbie Davis 6-30-16

3.    DHS Interoffice Memo from Ralph Wenzinger to Debbie Davis 6-16-16

4.    DHS Interoffice Memo from Ralph Wenzinger to Debbie Davis 6-14-16

5.    DHS Interoffice Memo from Debbie Davis to Kristi T. Seargeant 6-10-16

6.    10/17/16 HR letter from Debbie Davis to Plaintiff;

7.    DFEH letter to Karen Krause, Notice to Complainant of "Right to Sue with attachments;

8.    EEOC letter to Karen Krause, Notice of Charge of Discrimination;

9.    EEOC Right to Sue letter to MILITY;

10.    DHS letter to Taylor, Notice of Proposed Discipline

11.    1/8/16 Performance Evaluation for Christopher Rodriquez;

12.    8/16/16 Performance Evaluation for Timothy Castillo, with attachments;

13.    6/28/16 Performance Evaluation for Christopher Rodriquez;

14.    9/16/16 Investigation Report of Mility's Allegations;

15.    11/23/16 DHS Memo from Davis to Goulart;

16.    12/23/16 e-mail from Taylor to Uetz;

17.    MILITY's summer 2016 work orders;

18.    12/28/15 e-mail from Taylor to Harding with attachments;

19.    5/10/16 e-mail from David to MILITY;

20.    5/10/16 e-mail from Uetz to Davis;

21.    5/10/16 e-mail from Davis to Harding;

22.    5/10/16 e-mail from Harding to Davis with attachment;

23.    5/10/16 2nd e-mail from Harding to Davis with attachment;

24.    5/9/16 e-mail from Harding to Davis with attachment from MILITY

25.    6/17/16 memo from Davis to Seargeant with audio files;

26.    6/17/16 memo from Davis to Seargeant with interview schedule;

27.    6/30/16 memo from Wenzinger to Davis re interview of Arismendez;

28.    6/16/16 memo from Wenzinger to Davis re interview of Tim Castillo;

29.    6/14/16 memo from Wenzinger to Davis re interview of Jonathon Davis;

30.    6/10/16 memo from Wenzinger to Davis re investigative report of Jeff Harp;

31.    11/23/16 memo from Davis to Goulart re MILITY's charge of discrimination;

32.    6/17/16 letter from Davis to Seargeant with audio files;

33.    Various e-mails regarding or concern MILITY and/or his allegation of discrimination;

34.    E-mails in the e-mail field of MILITY at milityk@kerndhs.com;

35.    Copy of MILITY's HR Personnel file;

36.    Investigative Report of Violence against Ayala by Jeff Harp;

37.    Investigative Report of Hostile work Environment against MILITY by Jeff Harp;

38.    Kern County Hostile Work Environment Policy;

39     Kern County Workplace Violence Policy with attached forms;

40.    Statement of Receipt of Kern County Policies by JA;

41.    Handwritten memo regarding incidents with MILITY, on a pad from "David Janes Company."

On or before **March 13, 2020** counsel **SHALL** meet and confer to discuss any disputes related to the above listed exhibits and to pre-mark and examining each other's exhibits.   Any exhibits not previously disclosed in discovery **SHALL** be provided via e-mail or overnight delivery so that it is received by **March 6, 2020**.

1.    At the exhibit conference, counsel will determine whether there are objections to the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one listing Plaintiffs' exhibits and one listing Defendant's exhibits.  In advance of the conference, counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether

8

evidentiary objections exist.  Thus, any exhibit not previously provided in discovery **SHALL** be provided at least five court days in advance of the exhibit conference.

2. At the conference, counsel **SHALL** identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence.  These exhibits **SHALL** be marked as a joint exhibit and numbered as directed above.  Joint exhibits **SHALL** be admitted into without further foundation.

All Joint exhibits will be pre-marked with numbers preceded by the designation "JT" (e.g. JT/1, JT/2, etc.).  Plaintiffs' exhibits will be pre-marked with numbers beginning with 1 by the designation PX (e.g. PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g. DX501, DX502, etc.). The parties **SHALL** number each page of any exhibit exceeding one page in length (e.g. PX1-1, PX1-2, PX1-3, etc.).

If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered that is not fully legible, the Court may exclude it from evidence.

Each joint exhibit binder **SHALL** contain an index which is placed in the binder before the exhibits.  The index **SHALL** consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

### INDEX OF EXHIBITS

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE |
|---|---|---|

3. As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be indexed as such on the index of the offering party.   Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

4. Each exhibit binder **SHALL** contain an index which is placed in the binder before the exhibits.   Each index **SHALL** consist of the exhibit number, the description of the exhibit and the three columns as shown in the example below.

///

///

///

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|----------|-------------|----------------------|----------------------|-----------------|

5.     On the index, as to exhibits to which the only objection is a lack of foundation, counsel will place a mark under the column heading entitled "Admissible but for Foundation."

6.     On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, counsel will place a mark under the column heading entitled "Other Objections."

After the exhibit conference, Plaintiff and counsel for the defendants **SHALL** develop four complete, legible sets of exhibits. The parties **SHALL** deliver three sets of their exhibit binders to the Courtroom Clerk and provide one set to their opponent, no later than 4:00 p.m., on **April 24, 2020**. Counsel **SHALL** determine which of them will also provide three sets of the joint exhibits to the Courtroom Clerk.

7.     The Parties **SHALL** number each page of any exhibit exceeding one page in length.

**J.    POST-TRIAL EXHIBIT RETENTION**

**Unless they object at the conclusion of the trial**, counsel who introduced exhibits at trial **SHALL** retrieve the original exhibits from the courtroom deputy following the verdict in the case. The parties' counsel **SHALL** retain possession of and keep safe all exhibits until final judgment and all appeals are exhausted.

**K.    DISCOVERY DOCUMENTS**

The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – that the parties expect to offer at trial. NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

The parties have not identified any specific discovery document they may use but refer, generally, to such documents. This is insufficient. L.R. 281(12).

**L.      MOTIONS IN LIMINE**

The parties indicate they wish to file motions in limine without describing what these motions are.  This is insufficient. L.R. 281(5).

Any party may file motions in limine.  The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial.  "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."  <u>Luce v. United States</u>, 469 U.S. 38, 40 n. 2 (1984); <u>Jonasson v. Lutheran Child and Family Services</u>, 115 F.3d 436, 440 (7th Cir. 1997).  The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose.  Id.

Before filing any motion in limine, counsel **SHALL** meet and confer to determine whether they can resolve any disputes and avoid filing motions in limine.  The conference should be in person but, if this is not possible, it **SHALL** be telephonic.  Written meet-and-confer conferences are unacceptable.  **<u>Along with their motions in limine, the parties SHALL file a certification detailing the conference such to demonstrate counsel have in good faith met and conferred and attempted to resolve the dispute.  Failure to provide the certification may result in the Court refusing to entertain the motion.</u>**

Any motions in limine must be filed with the Court by **March 27, 2020**.  The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party and filed with the Court by **April 3, 2020**. The Court sets a hearing on the motions in limine on **April 13, 2020, at 10:00 a.m**.  Counsel may appear via teleconference by dialing (888) 557-8511 and entering Access Code 1652736, provided the Magistrate Judge's Courtroom Deputy Clerk receives a written notice of the intent to appear telephonically no later than five court days before the noticed hearing date.

The parties are reminded they may still object to the introduction of evidence during trial.

**M.      FURTHER DISCOVERY OR MOTIONS**

None.

///

**N.    STIPULATIONS**

None.

**O.    AMENDMENTS/ DISMISSALS**

None.

**P.    SETTLEMENT NEGOTIATIONS**

The parties have had no substantive discussion about settlement. **No later than March 9, 2020**, the plaintiff **SHALL** submit to Defendant via fax or e-mail, a written itemization of damages and a meaningful[1] settlement demand which includes a brief explanation of why such a settlement is appropriate.  Thereafter, **no later March 20, 2020**, the defendants **SHALL** respond via fax or e-mail, with an acceptance of the offer or with a meaningful counteroffer, which includes a brief explanation of why such a settlement is appropriate.  **The parties SHALL continue to exchange counteroffers until it is no longer productive.**

If all parties wish to engage in a settlement conference, they **SHALL** immediately file a joint request and propose dates for the conference.

**Q.    AGREED STATEMENT**

None.

**R.    SEPARATE TRIAL OF ISSUES**

None.

**S.    APPOINTMENT OF IMPARTIAL EXPERTS**

None.

**T.    ATTORNEYS' FEES**

Each side will seek fees if successful.

**U.    TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

A jury trial is set for **April 27, 2020 at 8:30 a.m.** before the Honorable Jennifer L. Thurston at the United States Courthouse, 510 19th Street, Bakersfield, California. Trial is expected to last five to seven days.

---

[1] "Meaningful" means the offer is reasonably calculated to settle the case on terms acceptable to the offering party. "Meaningful" does not include an offer which the offering party knows will not be acceptable to the other party.

12

## V. TRIAL PREPARATION AND SUBMISSIONS

### 1. Trial Briefs

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before **April 13, 2020**.

### 2. Jury Voir Dire

The parties **SHALL** file their proposed voir dire questions, in accordance with Local Rule 162.1, on or before **April 3, 2020**.

### 3. Jury Instructions & Verdict Form

The parties **SHALL** serve, via e-mail or fax, their proposed jury instructions in accordance with Local Rule 163 and their proposed verdict form on one another no later than **March 13, 2020**. The parties **SHALL** conduct a conference to address their proposed jury instructions and verdict form no later than **March 27, 2019**. At the conference, the parties **SHALL** attempt to reach agreement on jury instructions and verdict form for use at trial. The parties **SHALL** file all agreed-upon jury instructions and verdict form no later than **April 3, 2020** and identify such as the agreed-upon jury instructions and verdict forms. At the same time, the parties **SHALL** lodge via e-mail a copy of the joint jury instructions and joint verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

If and only if, the parties after a genuine, reasonable and good faith effort, cannot agree upon certain specific jury instructions and verdict form, the parties **SHALL** file their respective proposed (disputed) jury instructions and proposed (disputed) verdict form no later than **April 3, 2020** and identify such as the disputed jury instructions and verdict forms. At the same time, the parties **SHALL** lodge via e-mail, a copy of his/their own (disputed) jury instructions and proposed (disputed) verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

In selecting proposed instructions, the parties **SHALL** use Ninth Circuit Model Civil Jury Instructions or California's CACI instructions to the extent possible. All jury instructions and verdict forms **SHALL** indicate the party submitting the instruction or verdict form (i.e., joint, plaintiff's, defendant's, etc.), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the complete text of the instruction, and the legal authority supporting the

13

instruction. Each instruction **SHALL** be numbered.

**W.     OBJECTIONS TO PRETRIAL ORDER**

Any party may, within 10 days after the date of service of this order, file and serve written objections to any of the provisions set forth in this order. Such objections **SHALL** clearly specify the requested modifications, corrections, additions or deletions.

**X.     MISCELLANEOUS MATTERS**

None.

**Y.     COMPLIANCE**

Strict compliance with this order and its requirements is mandatory.  All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated:   **March 2, 2020**                              **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE